Dear Mr. Bellard:
We are in receipt of your request for an Attorney General's opinion concerning an electioneering question with regard to a member of the Opelousas Fire and Police Civil Service Board. Your letter states that a board member is politically active in his wife's campaign for councilmember. The member recently attended a board meeting wearing his wife's campaign t-shirt, and was advised that the law prohibits such political activity. However, the board member continues to wear his wife's political campaign t-shirt in public, such as a local department store. Therefore, you have requested an opinion on the legality of the board member's conduct and his membership on the Opelousas Fire and Police Civil Service Board, and the means for removal from the board.
Enclosed herein please find a copy of Attorney General Opinion Number 80-572, which opines that "once a person is appointed to a civil service board, he may not engage in political activities". "Political activity" is defined in our constitution as "an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election." LSA-Const. Art. X, s. 9.
We reaffirm our earlier opinion and conclude that a member of the Opelousas Fire and Police Civil Service Board is prohibited from engaging in any political activity, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires. Wearing a campaign t-shirt is, in our opinion, engaging in political activity which is clearly prohibited by our constitution.
With regard to your question of removal of a board member, LSA-R.S. 33:2476 (H) provides for the removal of a municipal fire and police civil service board member as follows:
 H. Any member of a board shall be liable to removal from office by judgment of the district court of his domicile for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, oppression in office, gross misconduct, or habitual drunkenness. The district attorney of the district wherein the board member resides may institute such suit, and shall do so upon the written request, specifying the charges, of twenty-five citizens and taxpayers of the municipality of which the board member is a resident. The district attorney shall associate in the diligent prosecution of such suit any attorney selected and employed by the citizens and taxpayers.
We hope this opinion addresses all of your concerns in this matter. However, if we can be of additional assistance, please contact our office.
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Angie Rogers LaPlace Assistant Attorney General